UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                               |   |                            |
|-------------------------------|---|----------------------------|
| VASUKI PERIYASWAMY,           | ) |                            |
|       Plaintiff,              | ) |                            |
| v.                            | ) | Civil Action No. 11-11406-___ |
| PEROT SYSTEMS HEALTHCARE,     | ) |                            |
|       Defendant.              | ) |                            |

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT
FOR FAILURE TO EFFECT SERVICE OF PROCESS

January 13, 2012

SOROKIN, M.J.

I.   PROCEDURAL BACKGROUND

On August 4, 2011, the pro se Plaintiff, Vasuki Periyaswamy, filed a Complaint directed against her former employer, the Defendant Perot Healthcare Systems, alleging inter alia a hostile work environment, constructive discharge, retaliation and discrimination on the bases of both gender and national origin. Docket # 1. The Complaint is prolix, and includes a great deal of material which Periyaswamy rightly characterizes as being of a sensitive nature (See, Docket # 8), the details of which are not relevant to the issues addressed herein and therefore need not be recited.

The case was assigned to the undersigned magistrate judge pursuant to General Order 09-3, and the Plaintiff was directed to the General Order and the Notice Regarding Consent to

1

Proceed.  Docket # 2.  A summons issued on August 5, 2011.  Docket # 3.  By rule, Periyaswamy had until December 2, 2011, to properly serve her Complaint upon the Defendant. Fed. R. Civ. P. 4(m).  Local Rule 4.1(A) provides that "any summons not returned with proof that was served within one-hundred twenty (120) days of the filing of the Complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)."  L.R. 4.1(A).

On November 28, 2011, Periyaswamy moved pursuant to Fed. R. Civ. P. 6(b) for an enlargement of the time to serve the Complaint until December 31, 2011.  Docket # 7.  She did not also file the affidavit which Local Rule 4.1(B) requires in the case of such motions, but in her pleading she indicated that she was in India and expected to return to the United States between the end of November and December 15, 2011.[1]  Id.  On December 15, 2011, Periyaswamy filed a "certificate of service" indicating that on December 2, 2011, she had served "a true and original copy of the Complaint" upon the Defendant "by express mail with return receipt."  Docket # 9.

On January 10, 2012, Periyaswamy filed a motion in which she indicated that she was traveling to India on January 16, 2012, and seeking to stay the case until such time (unspecified in the motion) as she returned and communicated her availability to the Court.  Docket # 10. The Court denied that motion.  See Electronic Order of January 11, 2012.  On January 12, 2012, Periyaswamy filed a notice of refusal to consent, and renewed her motion to stay.  Docket #s 11,

---

[1] On the same day, Periyaswamy moved to amend the Complaint to correct spelling and grammar and to add additional facts.  Docket # 6.  Because the Defendant had not been served, Periyaswamy was permitted to amend the Complaint as a matter of course, without leave of court. Fed. R. Civ. P. 15(a).  No Amended Complaint was filed.  Nor would the filing of an amended complaint have provided a fresh 120 days for service upon the existing and sole defendant. See, e.g., Finch v. George, 763 F. Supp. 967 (N.D. Ill.1991) (courts permit amended complaints so that the pleadings will conform to the developing evidence, not to enable plaintiffs to extend the time for service indefinitely).

12.²

II.  DISCUSSION

Fed. R. Civ. P. 4(h)(1) provides that absent waiver of service by the defendant (of which there is no indication in this case), a defendant corporation located in a judicial district of the United States, such as the Defendant, must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process <u>and</u> – if the agent is one authorized by statute and the statute so requires – <u>by also</u> mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1) (emphasis added).

"Although the Federal Rules of Civil Procedure do not explicitly define the term 'delivery' under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service." <u>Payne v. Massachusetts</u>, 2010 WL 5583117 (D.Mass.)(Dein, C.M.J.) (citing <u>In re TFT-LCD (Flat Panel) Antitrust Litig.</u>, 2009 WL 4874872, at *2 (N.D.Cal. Oct.6, 2009) (slip op.) (citing cases)). <u>See</u> <u>also</u> <u>Larsen v. Mayo Med. Ctr.</u>, 218 F.3d 863, 868 (8th Cir.2000) (finding that Rule 4(h) requires personal service rather than service by mail), <u>cert</u>. <u>denied</u>, 531 U.S. 1036, 121 S.Ct. 625, 148 L.Ed.2d 534 (2000). Moreover, service must be made by a "person who is at least 18 years old and not a party" to the action. Fed.R.Civ.P. 4(c)(2).

The provision of Rule 4(e)(1) referenced permits service of a defendant corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

---

² Also pending are a previous motion to stay (Docket # 5) and a subsequent Motion to Amend and to Seal (Docket # 8), which the undersigned will not resolve in light of the refusal to consent.

Massachusetts law permits service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given."  Mass. R. Civ. P. 4 (d)(2).

Accordingly, Periyaswamy's certificate of service does not establish proper service of the Complaint because it recites only that she mailed a copy of the Complaint to the Defendant (omitting any reference to the Summons), and does not indicate that an adult who is not a party also delivered a copy of the Summons and Complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process.  The actions recited in her certificate of service satisfy neither Fed. R. Civ. P. 4(h)(1) nor Mass. R. Civ. P. 4 (d)(2).

Further, Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Even giving her the benefit of the extension until December 31, 2011, sought in her motion to extend the time for service Periyaswamy still did not make effective service, and has not done so as of this date (one hundred and sixty-three days following the filing of the Complaint).  Further, Local Rule 4.1(B) provides that "[i]f on the 14th day following the expiration of the 120 day period good cause has not been shown as provided herein [i.e., by motion for extension of time with accompanying affidavit, <u>see</u> <u>supra</u>], the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court."  L.R. 4.1(B).

4

III.     CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court dismiss Periyaswamy's Complaint, without prejudice, for her failure to effect service of process within 120 days.[3]


                                                 /s / Leo T. Sorokin
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).